IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| MICHAEL S. THOMPSON<br>Plaintiff,<br><br>VS.<br><br>TOWN AND COUNTRY CREDIT CORP. and AMERIQUEST MORTGAGE COMPANY<br>Defendants | : | C.A. No.<br>CA 07 117 ML |

COMPLAINT

INTRODUCTION

1. This action seeks redress against Town and Credit Corp. and Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 (hereinafter "Regulation Z").

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendants do business in this District. Defendants are therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PLAINTIFF

4. Plaintiff Michael S. Thompson resides at 109 Willow Street rear, Woonsocket, RI 02895.

5. On or about March 9, 2005 Plaintiff Thompson obtained a loan from Town and Country, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. In connection with the transaction, Plaintiff Thompson received or signed the following documents:

1. A note in the principal amount of $159,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

7. On or about July 5, 2006 Plaintiff Thompson exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Town and Country. A Copy of the notice is attached as Exhibit 3.

8. The Defendant Ameriquest Mortgage Company, as asignee of the loan referenced herein, has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA. A copy of the denial letter is attached as Exhibit 4.

## DEFENDANTS

9. Defendant Town and Country is a National corporation with its principle place of

business at 2100 Main Street, Suite 800, Irvine, CA 92614.

10. Town and Country enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

11. Town and Country is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

12. Town and Country is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

13. The Defendant Ameriquest is the assignee of the loan entered into between the Plaintiff and Town and Country and therefore, is liable for Plaintiff's rescission demand.

**COUNT I - TRUTH IN LENDING ACT**

14. Plaintiff incorporates ¶¶ 1-13 as if fully set out herein.

15. Because the refinance transaction referenced herein was secured by Plaintiff's home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23. More specifically, 15 U.S.C. §1635 provides:

> **The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Board, to any obligor in a transaction subject to this section the rights of the obligor under this section. The creditor shall also provide, in accordance with regulations of the Board, appropriate forms for the obligor to exercise his right to rescind any transaction subject to this section.** (15 U.S.C. § 1635(a).)

16. Regulation Z, promulgated by the Federal Reserve Board pursuant to the Truth in Lending Act, amplifies the statutory requirements. The regulation restates the statutory rescission

right, 12 C.F.R. § 226.23(a), and requires that the creditor "deliver" to each person entitled to rescind "two copies" of a document that **"clearly and conspicuously disclose"** 12 C.F.R. § 226.23(b)(1) the borrower's rescission rights. More specifically, the regulation provides:

> **In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:**
>
> **(i) The retention or acquisition of a security interest in the consumer's principal dwelling.**
> **(ii) The consumer's right to rescind the transaction.**
> **(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.**
> **(iv) The effects of rescission, as described in paragraph (d) of this section.**
> **(v) The date the rescission period expires.** (12 C.F.R. § 226.23(b)(1).)

**DEFECTIVE NATURE OF DISCLOSURES**

17. In connection with the above referenced mortgage transaction, Town and Country failed to provide accurate disclosures of the Plaintiff's right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23 for (without limitation) the following reasons:

**Incomplete Notices**

18. The Defendant Town and Country failed to deliver to Plaintiff Thompson two properly completed copies of a notice that **"clearly and conspicuously disclose the borrower's rescission rights"** in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. §226.23.

19. The copies of the notice of right to cancel actually delivered to the Plaintiff were materially defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

20. By failing to indicate the date by which the right to cancel had to be exercised Town and Country failed to give to Plaintiff Thompson **"clear and conspicuous"** notice of his right to cancel, in violation of 15 U.S.C. §1635 and Regulation Z, 12 C.F.R. § 226.23.

21. Accordingly, Plaintiff is entitled to exercise his extended right to rescind his loan under the TILA.

**"One Week" Cancellation Form**

22. The One Week Cancellation Period form provided to the Plaintiff by the Defendant Town and Country (see Exhibits1-2) detracts from and obfuscates the Notice of Right to Cancel (see Exhibits 1-2) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635.

23. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Town and Country within the specified time.

24. The provision of two inconsistent and confusing notices to cancel violates the **"clear and conspicuous"** disclosures requirement of 15 U.S.C. § 1635 and Regulation Z, 12 C.F.R. § 226.23.

25. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

26. The failure of the Defendant Ameriquest to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiff to an award of statutory

damages.

**WHEREFORE**, Plaintiff request that the Court enter judgment in favor of Plaintiff and against Defendants Town and Country and Ameriquest as follows:

1. A declaration that Plaintiff is entitled to rescind;
2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar #4019

**JURY DEMAND**

Plaintiff demands trial by jury.

Christopher M. Lefebvre