**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| MICHAEL S. THOMPSON,<br><br>Plaintiff,<br><br>v.<br><br>TOWN AND COUNTRY CREDIT CORP. and AMERIQUEST MORTGAGE COMPANY,<br><br>Defendants. | C.A. NO. 07-117-ML |

## ANSWER TO COMPLAINT AND COUNTERCLAIM

Defendants Town and Country Credit Corp. ("Town and Country") and Ameriquest Mortgage Company ("Ameriquest") by their undersigned attorneys hereby answer the Complaint brought by Michael S. Thompson.

Except as expressly admitted or denied herein below, Defendants are without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Defendants do not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Defendants do not contest the venue is proper in this district.

**PARTIES AND FACTS**

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Defendants admit that on or about March 9, 2005, Plaintiff Thompson became an obligor and mortgagor under a certain note and mortgage on property located 109 Willow Street Rear, Woonsocket, Rhode Island 02895. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Defendants admit that Plaintiff Thompson received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $159,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 6 of the Complaint.

7. Town and Country admits that it received the document, a copy of which is attached as Exhibit C to the Complaint and that the document speaks for itself as to its content. Defendants deny that Plaintiff Thompson has an extended right to rescission and deny hat his purported exercise of any such right is valid. Defendants deny the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits the allegations of paragraph 8 of the Complaint.

**DEFENDANT**

9. Defendants admit that Town and County has a principal place of business in Irvine, California but deny the remaining allegations set forth in paragraph 9 of the Complaint.

10. Town and Country admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

11. Paragraph 11 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Town and Country admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

12. Town and Country denies the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits it is the assignee of the loan but otherwise denies the allegations of paragraph 13 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

14. Defendants reaver and incorporate by reference as if fully set forth herein their responses to paragraphs 1 through 13 above.

15. Paragraph 15 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Defendants state that the statutes referenced in paragraph 15 speak for themselves as to their content.

16. Paragraph 16 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Defendants state that the regulations referenced in paragraph 16 speak for themselves as to their content.

17-24. Defendants deny the allegations set forth in paragraphs 17 through 24 of the Complaint, inclusive.

25. Paragraph 25 consists of legal conclusions to which no responsive pleading is required. To the extent that a further response is required, Defendants state that the statute referenced in paragraph 25 speaks for itself as to its content.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiff or third parties, the actions of which Defendants are not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Defendants are not liable for any claims by Plaintiff because Defendants' conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserve their right to amend the Answer and assert such defenses.

**ELEVENTH AFFIRMATIVE DEFENSE**

The claim of Michael S. Thompson must be dismissed for failure to join an indispensable party, Kelly A. Thompson.

WHEREFORE, Defendants Town and Country Credit Corp. and Ameriquest Mortgage Company respectfully request that the Court:

A. Enter judgment in their favor on all counts of the Complaint;

B. Dismiss the Complaint with prejudice;

C. Award Defendants their costs and expenses, including attorneys' fees, incurred in this action.

D. Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Michael S. Thompson resides in Woonsocket, Rhode Island and, on or about March 9, 2005, he obtained a residential mortgage loan from Town and Country Credit Corp., Ameriquest's assignor, in connection with property located at 109 Willow Street Rear, Woonsocket, Rhode Island. On or about July 5, 2006, Plaintiff Thompson sent Town and Country a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Plaintiff has filed suit against Town and Country and Ameriquest alleging that they had failed to adequately indicate the date by which Plaintiff's rescission period expired in connection with the subject loan.

4. Defendants have provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff is not entitled to rescind his loan under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

5. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-4 above.

6. By virtue of Plaintiff's claim of extended rescission, an actual controversy has arisen and exists between Ameriquest and Plaintiff regarding whether he has the right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Plaintiff alleges that Ameriquest or its assignor violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiff's right to rescind expired on the Notice of Right to Cancel, which allegation Ameriquest denies.

8. Ameriquest or its assignor has provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff has no basis for rescission of the loan.

9. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiff's letter of rescission, including, without limitation, a declaration that Plaintiff is not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiff is not entitled to rescind his mortgage loan with Ameriquest and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

TOWN AND COUNTRY CREDIT CORP. and AMERIQUEST MORTGAGE COMPANY

By Their Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com

DATED: May 10, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of May, 2007, I electronically filed the foregoing ANSWER TO COMPLAINT AND COUNTERCLAIM with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

917108_1/6699-2